MICHAEL *v.* WEST HATCHIE DRAINAGE DISTRICT.

(Division B.    June 9, 1924.)

[100 So. 392.    No. 23842.]

APPEAL AND ERROR. *Dismissal of appeal by circuit court affirmed because no appeal bond in record showing appeal to circuit court.*
    Where a bill of exceptions was taken to the action of a board of supervisors from an assessment of taxes in which was included an appeal bond and was mislaid, and a motion was made in the circuit court to dismiss the appeal because such record was not on file, and the cause is dismissed for want of jurisdiction to entertain the appeal, and on appeal to this court the alleged bill of exceptions is stricken from the record on motion, the court cannot thereafter decide the merits of the appeal because no appeal bond is in the record showing an appeal to the circuit court.

---

*Headnote 1.    Appeal and Error, 4 C. J., section 1627 .

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Proceedings by Ed. Michael and others against the West Hatchie Drainage District. From a judgment dismissing an appeal to the circuit court, the named petitioner appeals. Affirmed.

Brief for appellant missing.

*W. C. Sweat,* for appellee.

The court below was right in dismissing the appeal for the reason that there was nothing before the court on which a judgment of the court could be based.

There are only two sections which provide for appeals from the orders of the board of supervisors. Section 80 of the Code of 1906, section 60, Hemingway's Code, provides for appeals in all cases except those for assessment for taxes. *Yandel* v. *Madison Co.,* 79 Miss. 212, 30 So. 606. The other section which provides for appeals is section 81 of the Code of 1906, section 61 of Hemingway's Code. This provides for an appeal from assessment of taxes, and how it is to be prosecuted. *Jennings* v. *Coahoma Co.,* 79 Miss. 523, 31 So. 107; *Kuhn Bros.* v. *Warren Co.,* 89 Miss. 879, 54 So. 442.

The appeal in this case was not an appeal from an assessment for taxes but an appeal from a levy of taxes made by the board. It is conceded that this drainage district was organized under chapter 197 of the Acts of 1912, and in section 24 thereof it is provided that any party feeling aggrieved at an assessment shall appeal from said assessment to the chancery court. The assessment was not made by the supervisors but was made by the drainage board. The supervisors had nothing to do with it. The drainage commissioners made the assessment and certified it to the board of supervisors and the board of supervisors simply made the levy. If the appellant desired to take an appeal, he should have appealed from the order of the drainage commissioners to

the chancery court, as provided by this chapter. Since appellant did not appeal from the order of the drainage board, he is precluded thereby; and when he attempted to appeal from the order of the board of supervisors who made this levy, he was attempting to do something which the law did not authorize, and he was attempting to appeal from an assessment which the board of supervisors did not make. The circuit court had no jurisdiction to entertain this appeal, and it was properly dismissed.

*Ely B. Mitchell,* for appellant in reply.

Counsel for the appellee contends that the proper place for the appellant to set up or plead the statute of limitations was before the drainage board of Tippah county, Mississippi, on June 10, 1923. The drainage board of Tippah county did not give the appellant notice that a tax levy would be made. He never received notice at any time that a tax levy would be made against his lands which were included in West Hatchie drainage district of Alcorn county, Mississippi, and which had been drained by private contract before the petition for the organization of the East Hatchie drainage district had been passed upon by the drainage board.

If the court holds that because the appellant was brought into court by notice of the filing and hearing of the original petition and the filing and hearing of the commissioner's first report, then they make a law contrary to all the laws with reference to the filing and hearing of the commissioner's second report, which includes the tax levy or assessment rolls. The law required that upon a filing of the commissioners' second report or the assessment of lands for benefits and damages, notice shall be given for at least two weeks in some newspaper published in the county so that the landowners can file objection to the assessment or show cause why the assessment should be modified.

We contend that the records of this cause show that the drainage board of Tippah county on the 29th day of

September, 1923, declared the district to be continued as such or to be discontinued as such and refused to approve the report of the commissioners except as to the amount of land embraced in the territory mapped out by such district.

The record shows that this tax levy that they talk about so much was levied the next day and since the law required two weeks' notice by publication in a newspaper for the levying of tax under this drainage act such a thing was impossible because the next day the order was entered levying a tax which shows beyond a doubt that publication could not have been made for two weeks. It also shows that appellee had no notice of such tax levy being made against his land. He did not have his day in court to set out the fact that he had paid for the drainage of these lands, now assessed, under a private contract with the N. C. McGennis & Company who cut the canal that drained his land.

My contention is that section 61 of Hemingway's Annotated Code of Mississippi, as set out in the supplement of same gives the appellee a legal right to appeal from the order of the board of supervisors.

ETHRIDGE, J., delivered the opinion of the court.

Under chapter 197, Laws of 1912, a petition was filed by certain citizens for the creation of the West Hatchie drainage district, which proposed district had territory both in Tippah and Alcorn counties. A preliminary proceeding was had, by which commissioners and an engineer were appointed to survey and report upon the proposed district and notice given of the hearing before the county board of drainage commissioners of the proposed creation of the drainage district. At this meeting protest was filed and the district was not created, but the drainage commissioners certified certain items of expense incurred in the survey of the proposed district and certified a recommendation to the board of supervisors of

Alcorn county to levy an acreage tax on the land situated in Alcorn county, and the board of supervisors did levy an acreage tax thereon.

The appellant, Michael, prepared a bill of exceptions including the proceedings before the board of supervisors and an appeal bond wherein an appeal to the circuit court of Alcorn county from the board of supervisors in making the assessment was prosecuted. At the next term of court a motion was filed to dismiss the appeal: First, because the file of papers in such cause was lost and could not be found, and because said Michael had made no effort to substitute such papers. Second, because the record of the proceedings before the board of supervisors of said county shows that the judgment of the said board from which said appeal was taken is not a judgment or assessment of taxes, but a levy of taxes upon the land of said Michael under an assessment previously made and confirmed. Third, because the appeal is without authority of law.

Upon hearing this motion the trial judge made the following statement:

"On this motion to dismiss the appeal the only question being adjudicated by the court is the question of whether the appeal was rightfully taken to this court or not; the court deeming it unnecessary to pass on the other questions about which there is no proof offered with the motion. This district being organized under the Acts of 1912, which provide that if any landowner is dissatisfied with the assessment made by the board of supervisors that an appeal should be taken to the chancery court; this being a special statute for an appeal in this case it is the opinion of the court that the appeal is governed entirely by this statute and not by any other statute either general or special. The court is also requested in the motion to enter a judgment against the complainant and the sureties on the bond for the amount of the taxes with ten per cent., which the court declines to do for the reason that it is of the opinion that it is ab-

solutely without any jurisdiction about the matter except to tax the complainant and the sureties on his bond with the costs of the case in this court which is done, and for which execution will be allowed to issue.''

The court entered a judgment dismissing the appeal.

A number of interesting and important questions are presented, and this court requested additional briefs addressed to the constitutional questions as to whether an acreage tax could be levied constitutionally where a district was not created, and also whether a judgment in assessing an acreage tax could be constitutionally made where no notice was provided to the taxpayer to appear and contest the levy of such taxes, and, third, whether the legislature could constitutionally confer appellate jurisdiction upon the chancery court.

Owing to the fact that only a small amount was involved and the extensive work required to prepare a brief, one side of the controversy declined to go to the expense necessary to brief these questions, and we have briefs only in one side with reference to the constitutional features. However, it appears that on February 11, 1924, the court struck out of the record the bill of exceptions taken from the board of supervisors to the circuit court of Alcorn county, including the bond and the judgment of the drainage district board certifying the amount of the indebtedness incurred by the drainage commissioners to the board of supervisors   Therefore this leaves only the motion and the judgment of the court with the statement of the circuit judge in the record; and after a further consideration we have concluded that we are not authorized in the present state of the record to pass judgment upon these questions. So this will leave the judgment of the board of supervisors levying the acreage tax precisely where it stood at the time the bill of exceptions was signed and filed, leaving all questions open for further adjudication in a proper cause.

The judgment of the circuit court dismissing the appeal must be affirmed.

*Affirmed.*